J-S74037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ALBERT SINGLETON | : | No. 1432 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order April 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0015370-2009

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED FEBRUARY 07, 2018**

Appellant, Albert Singleton, appeals from the order entered April 25, 2017, denying as untimely his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9545.  Additionally, counsel J. Matthew Wolfe, Esq. has filed an application to withdraw.  We affirm and grant the application to withdraw.

In March 2011, Appellant pleaded guilty to two counts of robbery with threat of immediate serious injury, criminal conspiracy to commit robbery, carrying a firearm without a license, and possession of an instrument of crime.[1]  Thereafter, Appellant was sentenced to eight to twenty years of incarceration pursuant to the terms of the negotiated plea agreement.

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 903(a)(1), 6106(a)(1), and 907(a)

Appellant filed post-sentence motions that were denied by operation of law.[2] Appellant did not file a direct appeal.

In October 2011, Appellant timely filed a counseled, PCRA petition alleging, *inter alia*, violations of constitutional standards, ineffective assistance of plea counsel, and the sentencing court's failure to consider mitigating factors.[3] **See** PCRA Petition, 10/11/2011, at 2, 6. The Commonwealth filed a response in May 2012. Following an evidentiary hearing, Appellant's PCRA petition was denied. **See** PCRA Ct. Order, 10/22/2012. Appellant did not appeal.

In August 2015, Appellant pro se filed a petition seeking reinstatement of his right to appeal the dismissal of his first PCRA *nunc pro tunc*. According to Appellant, PCRA counsel had abandoned him by failing to pursue a timely appeal. **See** PCRA Petition, 08/18/2015. In March 2016, Appellant pro se filed a separate PCRA petition raising an illegal sentencing claim. In response, the Commonwealth argued that his illegal sentencing claim was meritless and untimely; however, the Commonwealth agreed to a hearing on the dismissal of his first PCRA petition. **See** Letter Brief, 09/01/2016. Thereafter, the court appointed counsel who withdrew the illegal sentencing claim.

Following a hearing in October 2016, the court denied Appellant collateral relief. **See** Order, 10/28/2016. Though still represented by

---

[2] **See** Pa.R.Crim.P. 720(B)(3).

[3] Appellant retained Kathleen Martin, Esq. of the firm Levant & Martin to represent him in initial, post-sentence proceedings.

appointed counsel, Appellant timely and pro se filed an appeal. However, upon receiving new information from Appellant's former counsel and a request from the Commonwealth, the court vacated its prior order and scheduled an additional hearing.[4] **See** Order, 11/07/2016. In April 2017, following a second evidentiary hearing, the PCRA court again denied Appellant relief. **See** Order, 04/25/2017.

Appellant timely appealed. The PCRA court did not direct compliance with Pa.R.A.P. 1925(b) statement but did file an opinion explaining its decision. **See** PCRA Ct. Op. (PCO), 4/25/2017.

In this Court, appointed counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and an application to withdraw. "Counsel petitioning to withdraw from PCRA representation must proceed not under **Anders** but under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)." **Commonwealth v. Wrecks**, 931 A.2d 717, 721-22 (Pa. Super. 2007) (citations omitted). "A **Turner/Finley** no merit letter is the appropriate filing. However, because an **Anders** brief provides greater protection to the

---

[4] At the original hearing, Robert Levant, Esq. testified on behalf of Ms. Martin's firm. He indicated his firm's normal appellate procedures and suggested that it was unlikely that Ms. Martin would have failed to notify Appellant of the court's disposition or to apprise Appellant of his appellate options. However, apart from some email correspondence, Mr. Levant acknowledged that Appellant's file could not be located. Following this hearing, Mr. Levant informed the Commonwealth that Appellant's file had been located. Based upon this new information, the PCRA court vacated its prior order. **See** Pa.R.A.P. 1701(b)(3).

defendant, we may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Commonwealth v. Fusselman**, 866 A.3d 1109, 1111 n.3 (Pa. Super. 2004).

Thus, we proceed to address whether counsel's **Anders** brief has satisfied the requirements of **Turner/Finley**. To do so, counsel must review the case zealously and file a brief on appeal to this Court detailing the nature and extent of counsel's review, listing the issues petitioner wants reviewed along with an explanation of why and how those issues lack merit, and requesting permission to withdraw. **Wrecks**, 931 A.2d at 721-22.

> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.

**Id.** at 722.

Based on our review, counsel has satisfied, in the most cursory fashion, the technical demands of **Turner/Finley** in his brief. According to Appellant, the PCRA court erred when it credited the testimony of Mr. Levant and concluded that former PCRA counsel had not abandoned Appellant. **See** Appellant's Br. at 12. However, counsel notes that credibility determinations are binding on this Court and, therefore, concludes Appellant's claim is without merit. **See** Appellant's Br. at 12-13 (citing in support **Commonwealth v. Abu-Jamal**, 720 A.2d 79 (Pa. 1998), *cert. denied*, 528 U.S. 810 (1999)).

In addition, counsel has sent the following to Appellant: (1) a copy of his "no merit" brief, (2) a copy of his petition to withdraw, and (3) a statement advising Appellant that he has the right to retain new counsel to pursue the

appeal, proceed *pro se*, or raise additional points deemed worthy of the court's attention. **See** Letter from Wolfe to Appellant (dated 7/10/2017). Accordingly, we proceed to determine whether we agree that Appellant's claim lacks merit. **Wrecks**, 931 A.2d at 721.

We review an order denying a petition under the PCRA to determine whether the court's decision is supported by the evidence of record and free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. **Id**.

There are three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized

by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant concedes that his petition is untimely.[5] Accordingly, in order to reach the merits of his issues, he must plead and prove one of the exceptions to the time bar. *See Bennett*, 930 A.2d at 1267. According to Appellant, the dismissal of his first PCRA was a fact unknown to him until July 13, 2015, and he filed his petition within sixty days of discovering the dismissal. Thus, according to Appellant, he can establish either government interference or newly discovered facts to overcome the time-bar. *See* PCRA Petition, 8/18/2015, at 2; Affidavit, 8/13/2015.

Appellant cannot establish the government interference exception. According to Appellant, the first PCRA court failed to notify him that it had dismissed his petition. However, Pennsylvania Rule of Criminal Procedure 114

---

[5] Appellant timely filed a post sentence motion on March 11, 2011, which was denied by operation of law on July 12, 2011. Appellant did not file a direct appeal from his judgment of sentence.Therefore, his judgment of sentence became final on August 11, 2011, at the expiration of his thirty days to file a direct appeal. *See* Pa.R.A.P. 903; *see also* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Appellant's petition was filed on August 18, 2015, more than four years after the judgment became final.

permits service of "any order or court notice … *on each party's attorney."* Pa.R.Crim.P. 114(b) (emphasis added) (alternatively directing service upon the party "if unrepresented"). During Appellant's initial PCRA proceedings, he was represented by Ms. Martin. The certified record establishes that the court properly served notice of its dismissal upon Ms. Martin. **See** PCRA Ct. Order, 10/22/2012, Proof of Service. Accordingly, the court did not interfere with Appellant's opportunity to timely appeal.[6]

With regard to newly discovered facts exception, the PCRA court found that Appellant could have ascertained the status of his appeal, with reasonable diligence, by promptly contacting the court. Appellant failed to do so, opting instead to wait a long period of time for "nonresponsive counsel to answer status inquiries." Notes of Testimony (N.T.), 4/25/2017, at 5. PCRA dismissals are matters of public record, and Appellant could have discovered

---

[6] In its opinion, the PCRA court wrote: "Assuming *arguendo* that [the PCRA c]ourt did indeed fail to notify [Appellant] of the dismissal of his first petition, this lapse, unfortunate though it may be, does not rise to the level of governmental interference to invoke the time-bar exception." PCO at 4. This statement is inaccurate. This Court has previously recognized that improper notice by the PCRA court amounts to governmental interference. **See, e.g.,** **Commonwealth v. Blackwell**, 936 A.2d 497, 501-03 (Pa. Super. 2007) (concluding that the PCRA court's incorrect notification to a petitioner that his PCRA counsel had withdrawn amounted to governmental interference that excused his untimely filing of a subsequent PCRA petition, alleging ineffective assistance by PCRA counsel). Moreover, absent notice of the entry of a court order, the appeal period does not commence. **Commonwealth v. Carter**, 122 A.3d 388, 390-92 (Pa. Super. 2015); Pa.R.A.P. 108(a)(1), (d)(2). Despite this error, we "may [still] affirm a PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012) (citations omitted).

the dismissal in multiple ways. For example, "[a] phone call to … the clerk of courts would have readily revealed that no appeal had been filed. Due diligence requires that Appellant take such steps to protect his own interests." *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001) (citing 42 Pa.C.S.A. § 9545(b)(1)(ii)). Accordingly, Appellant cannot establish the newly discovered facts exception.

Appellant's petition was untimely, and he has not established a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim and properly dismissed his petition. *See Ragan*, 932 A.2d at 1170. Further, as we agree that Appellant's claim on appeal is without merit, we grant counsel's application to withdraw.

Order affirmed. Application to Withdraw granted.

Judge Lazarus joins.

Judge Bowes concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/7/18